UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KADHIM AL-SHAIBANI,

                Plaintiff,

v.

ALBERTO R. GONZALES, et al.,

                Defendants.

No. C07-585MJP

ORDER DENYING MOTION TO REMAND/DISMISS AND SETTING EVIDENTIARY HEARING

      This matter comes before the Court on the Government's response to an Order to Show Cause why the Court should not grant Plaintiff's application for naturalization. (Dkt. No. 2.) The Government has filed a brief that is both a response to the Order to Show Cause and a Motion to Remand and Dismiss the case. (Dkt. No. 4.) Having reviewed the Government's response and motion, Plaintiff's response (Dkt. No. 7), the Government's reply (Dkt. No. 11), all documents submitted in support thereof, and the record in this case, the Court DENIES the Government's motion to remand and dismiss. The Court will hold an evidentiary hearing on Plaintiff's naturalization application on October 22, 2007 at 9:00 a.m.

**Background**

      Plaintiff Kadhim Al-Shaibani is an Iraqi national who entered the United States as a refugee in 1992. He recently turned 80 years old.

      Mr. Al-Shaibani has applied for U.S. citizenship three times. He submitted his first application in Seattle in August 1997. (Administrative File at A-L-44-47.) He was interviewed on this

ORDER - 1

application by the Immigration and Naturalization Service (INS) on August 14, 1998, at which time the examining officer found that Plaintiff failed to demonstrate an ability to speak English. (Id. at A-L-22.) Plaintiff then submitted an N-648 "Medical Certification for Disability Exceptions" form signed by Dr. Greg Sanders, a family physician. An applicant for naturalization may submit an N-648 form in order to seek a waiver from the English language and civics/history requirements for citizenship. Dr. Sanders opined that Plaintiff had dementia and would be unable to demonstrate knowledge of English and/or U.S. history and civics. (Id. at A-L-25-26.) In a letter dated December 6, 1998, the INS indicated that the dementia diagnosis had to be made by a qualified psychiatrist or psychologist. (Id. at A-L-37-38.) Apparently because Mr. Al-Shaibani did not submit another N-648 form, his first naturalization application was denied without prejudice for failure to prosecute on July 20, 1999. (Id. at A-L-49-50.)

Mr. Al-Shaibani submitted a second naturalization application in the fall of 1999. (Id. at A-L-70-73.) At that time, he was living in Michigan. In connection with his second naturalization application, he submitted an N-648 form completed by Dr. Chilakamarri Ramesh, a psychiatrist in Dearborn, Michigan. Dr. Ramesh opined that Mr. Al-Shaibani should be exempted from the English, U.S. history, and civics requirements due to dementia. (Id. at A-L-60-61.) However, the Government indicates that Dr. Ramesh was later charged with conspiracy to defraud the United States in relation to fraudulent N-648 disability waivers. Dr. Ramesh was indicted in the U.S. District Court for the Eastern District of Michigan in August 2002. It appears from court records that Dr. Ramesh is still awaiting trial. Mr. Al-Shaibani's second naturalization application has not yet been adjudicated.

In 2004, Mr. Al-Shaibani submitted a third application for naturalization. (Id. at T-L-13-22.) By this point, he had returned to Washington state. In connection with his third application, he submitted another N-648 form. This form was completed by Dr. Sharon Farmer, a psychiatrist. Dr. Farmer diagnosed Mr. Al-Shaibani with a major depressive disorder and post-traumatic stress disorder and opined that he would be unable to learn English, U.S. history, or civics. (Id. at T-L-6-8.)

ORDER - 2

United States Citizenship and Immigration Services (USCIS) interviewed Mr. Al-Shaibani on his third application on May 5, 2005. At this interview, USCIS granted his disability-based waiver and exempted him from the English and civics/history requirements. (Id. at T-R-12.) However, Defendants assert that this naturalization application has not yet been adjudicated because USCIS is currently investigating whether Mr. Al-Shaibani's previous N-648 disability waiver from Dr. Ramesh was fraudulent.

Along with a number of other plaintiffs, Mr. Al-Shaibani filed a complaint in this Court on February 1, 2007, which requested that the Court approve his naturalization application.[1] Mr. Al-Shaibani's administrative file provides little if any information regarding a fraud investigation by USCIS prior to the filing of Plaintiff's complaint in this Court on February 1, 2007. However, the same day the Government filed the pending motion to remand, USCIS sent Mr. Al-Shaibani a request to appear for an interview on June 14, 2007. Mr. Al-Shaibani disputes that USCIS has the authority to require him to appear for an interview while his naturalization petition is pending in this Court.

**Analysis**

Plaintiff has brought this action under 8 U.S.C. § 1447(b). This statute permits applicants for naturalization to seek a hearing in the United States District Court if USCIS fails to adjudicate their applications within 120 days of their naturalization examination. The statute provides:

> If there is a failure to make a determination [on a naturalization application] under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the [USCIS] to determine the matter.

Defendants do not dispute that the Court has jurisdiction over this case under Section 1447(b). However, they argue that the Court should remand this matter to USCIS for adjudication. Defendants contend:

---

[1] The original complaint was filed under case number C07-164. By order dated April 23, 2007, the Court granted a motion to sever filed by Defendants and severed the claims of the plaintiffs into individual actions.

ORDER - 3

> USCIS has begun an investigation, but [is] still in the process of investigating and should be allowed to continue and complete the investigations. USCIS is in the best position to complete the investigation because it is the designated agency responsible for and qualified to determine the issuance of immigration benefits. Thus, the Court should remand Plaintiff's application to USCIS with instructions to adjudicate the application upon conclusion of the investigation.

(Motion at 6) (internal citations omitted).

In response, Plaintiff maintains that Defendants have not shown any reason why Mr. Al-Shaibani should not be naturalized and that the Court should declare him eligible for naturalization. In the alternative, Plaintiff requests that the Court set a hearing on this matter.

On the record before it, the Court is not prepared to order that Mr. Al-Shaibani be naturalized. However, the Court also declines to remand this matter to USCIS. The Federal Bureau of Investigation has completed Mr. Al-Shaibani's name check. The primary issue raised by the Government is whether Mr. Al-Shaibani committed fraud in connection with his naturalization applications. This Court is equipped to conduct an evidentiary hearing to determine whether Plaintiff committed fraud and whether his naturalization application should be granted.

Therefore, the Court DENIES Defendants' motion to remand and dismiss. The Court will retain jurisdiction over this matter and will hold an evidentiary hearing on Mr. Al-Shaibani's naturalization application. The hearing is set for **Monday, October 22, 2007, at 9:00 a.m.** If the parties wish to conduct discovery before the hearing, they may ask the Court to set a schedule for doing so.

There is another case currently pending before the Court in which the Government has raised similar fraud allegations regarding an N-648 form completed by Dr. Ramesh. See Al Amri v. Gonzales, C07-590MJP. The Plaintiffs in the two cases are represented by the same counsel and it appears that their cases may present one or more common issues of fact or law. Therefore, the Court will consolidate its hearing on Mr. Al-Shaibani's application with a hearing on the naturalization application of Mr. Al Amri. The Court will set aside four hours for the consolidated hearing on October 22nd, with the time to be equally divided between Plaintiffs and Defendants.

ORDER - 4

**Conclusion**

Because the Court is equipped to adjudicate the issues presented in this case, the Court DENIES Defendants' motion to remand and dismiss. The Court will hold an evidentiary hearing on Mr. Al-Shaibani's naturalization application on <u>October 22, 2007</u> at <u>9:00 a.m.</u>

The clerk is directed to send copies of this order to all counsel of record.

Dated: August 20, 2007.

s/Marsha J. Pechman<br>Marsha J. Pechman<br>United States District Judge

ORDER - 5