UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KADHIM AL-SHAIBANI,<br><br>                Plaintiff,<br><br>        v.<br><br>MICHAEL MUKASEY, et al.,<br><br>                Defendants. | Case No. C07-585MJP<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiff's motion for reconsideration of the Court's order denying attorneys' fees and costs. (Dkt. No. 27.) After carefully reviewing the motion, the balance of the record, and governing law, the Court DENIES Plaintiff's motion for the reasons set forth below.

**Analysis**

The Court denied Plaintiff's motion for attorneys' fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. §2412(d). (Dkt. No. 26.) After applying the analysis set forth in governing case law, the Court concluded that Mr. Al-Shaibani was not a "prevailing party" in the action as required under the EAJA. See Carbonell v. INS, 429 F.3d 894, 898 (9th Cir. 2005); Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 605 (2001). Under the EAJA, A party cannot be considered a "prevailing party" if the action prompted by the litigation, here the adjudication of Mr. Al-Shaibani's naturalization application, was not sanctioned by the Court.

The Court concluded that "[a]lthough Mr. Al-Shaibani ultimately achieved a material

ORDER — 1

alteration in the parties' legal relationship when his application was adjudicated, the change in that relationship was not judicially sanctioned." (Dkt. No. 26 at 4.) Contrary to Plaintiff's current assertion (See Mtn. at 3), the Court's order remanding this action to USCIS lacked the necessary "judicial imprimatur" to confer prevailing party status on Mr. Al-Shaibani. The Court's remand order incorporated the language offered by Plaintiff in his proposed order for remand and states, "If the application is granted, USCIS shall administer an oath of citizenship and issue a certificate of naturalization to Mr. Al-Shaibani no later than October 25, 2007." (Dkt. No. 17.) The Court did not explicitly order the adjudication of Mr. Al-Shaibani's application, but instead required that, if Defendants were to grant the application, Plaintiff was to be naturalized within six days of the order. As stated in the order denying Plaintiff's motion for fees, this language "is insufficient for judicial sanction" because it did not explicitly compel Defendants to act on Mr. Al-Shaibani's application. Plaintiff errs in interpreting the Court's order as compelling adjudication of Mr. Al-Shaibani's application "to be conducted within just 6 days, and CIS had to obey the order or face a contempt action." (Mtn. at 3.) Instead, the Court decided to remand the action after accepting the parties' joint assertion that remand was appropriate and adopted in its order the language that Plaintiff proposed. (Dkt. No. 16.)

This case is distinguishable from twelve companion cases in which the Court has granted attorneys' fees and costs. In the cases involving Plaintiffs Samira Alghawi (C07-586MJP), Luay Finchan (C07-587MJP), Fatima Ali (C07-591MJP), and Jasim Abo Ghanim (C07-594MJP), the Court held an evidentiary hearing and found that the plaintiffs had made a prima facie case of eligibility for citizenship. The Court's orders remanding those actions explicitly instructed USCIS to adjudicate the plaintiffs' applications for naturalization and reserved the right to re-establish jurisdiction over the action if Defendants failed to do so.

In the cases involving Plaintiffs Hassan Shamdeen (C07-164MJP), Majid Al-Haider (C07-592MJP), Vladimir Arutyunov (C07-593MJP), Saeed Ali (C07-595MJP), Vanh Phompanya (C07-597MJP), Ahmed Scego (C07-598MJP), and Ngoc Dang (C07-589MJP), the Court

ORDER — 2

ordered the actions remanded with explicit instructions that USCIS adjudicate the plaintiffs' naturalization applications within thirty days.  The Court further instructed that if Defendants failed to adjudicate those applications within thirty days, plaintiffs could move to reopen their cases.

In the case of Fawziah Osman (C07-07-588), the Court's remand order instructed USCIS to adjudicate Ms. Osman's application within 60 days of receipt of the Form N-648 or within sixty days of the order, whichever was later.  (Osman Dkt. No. 13.)  The Court also instructed Ms. Osman that she could move to reopen the case if Defendants failed to act on her application. (Id.)

Unlike these twelve cases, the Court did not explicitly instruct Defendants to adjudicate Mr. Al-Shaibani's application, but relied on the assertion of both parties that Defendants had voluntarily concluded its investigation of Mr. Al-Shaibani and would proceed with the adjudication of his application once they regained jurisdiction.  The language contained in the Court's remand order did not compel Defendants to adjudicate Mr. Al-Shaibani's application, despite the instruction that, if the application was to be granted, naturalization should take place within six days of the order.   The order does not contain the judicial sanction required to award attorneys' fees and costs.

**Conclusion**

Because Mr. Al-Shaibani is not a prevailing party in this matter, the Court DENIES Plaintiff's motion for reconsideration.

The Clerk is directed to send a copy of this order to all counsel of record.

Dated: March 31, 2008.

Marsha J. Pechman

U.S. District Judge

ORDER — 3